14-1822-cr
*United States v. Hernandez*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand fifteen.

PRESENT:

> CHESTER J. STRAUB,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                No. 14-1822-cr

JOEL A. HERNANDEZ,

> *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:            MARSHALL ARON MINTZ, Mintz & Oppenheim LLP, New York, NY.


FOR APPELLEE:                                    ELISHA J. KOBRE, Assistant United States Attorney (Justin Anderson, Assistant United States Attorney, *on the brief*), *for*

Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 27, 2014 judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Joel Hernandez appeals from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*) convicting him, following a jury trial, of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 841 and 846. On appeal, Hernandez contends that the Court should vacate the judgment because the District Court at trial permitted the government to introduce improper opinion testimony from law enforcement witnesses and inadmissible hearsay statements. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision.

In our review of the District Court's evidentiary rulings, "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a); *see also* Fed. R. Evid. 103(a), (e). Thus, we will dismiss as harmless the erroneous admission of any testimony that was "unimportant in relation to everything else the jury considered on the issue[s] in question, as revealed in the record." *United States v. Kaplan*, 490 F.3d 110, 123 (2d Cir. 2007) (internal quotation marks omitted). Evidence admitted at trial, and whose admission is unchallenged on appeal, included: testimony by undercover agent Cesar Dupree that Hernandez joined Dupree and an associate, Jorge Alvarez, on July 30, 2012, during the course of an arranged heroin sale, carrying thousands of dollars in cash in his pockets; testimony by Dupree that Hernandez displayed the cash at the agent's request; testimony by Madeline Urena, the case agent in charge of the investigation, that she observed Hernandez and Alvarez arrive together at the site of the

2

arranged sale in a blue minivan; testimony of a cooperating witness, Edy Pena, that Pena sold Hernandez heroin for resale on three earlier occasions, and that the sales took place in the same blue minivan; and testimony by Pena that he was present on another occasion in which Hernandez attempted to return to Alvarez heroin that Hernandez had difficulty selling.

Hernandez argues first that the District Court erred in admitting certain testimony by Dupree and Urena, contending that the testimony was improperly offered by individuals not qualified as experts. *See United States v. Yannotti*, 541 F.3d 112, 126 n.8 (2d Cir. 2008) (explaining that "an investigative agent who offers an opinion about the conduct or statements of conspirators based on his general knowledge of similar conduct learned through other investigations . . . must qualify as an expert pursuant to Rule 702" of the Federal Rules of Evidence). Hernandez focuses on, *inter alia*, statements that it is the typical practice of drug dealers to carry multiple cell phones and that the word "compadre" and related terms connote friendship. The challenged testimony was presented at trial along with evidence that Hernandez had two cell phones on his person at his arrest and that Alvarez referred to Hernandez as a "compadre." But the testimony was ultimately of only minor importance for establishing Hernandez's guilt, because Hernandez's participation in the drug trade and his relationship with Alvarez were well established—and more directly so—by other evidence. Since the testimony was unimportant, even if the District Court did err in admitting any of it as mere lay opinion testimony, the court's error was harmless.

Hernandez's related argument that the admission of the testimony was erroneous because the testimony improperly bolstered Pena's credibility is unavailing as well. Because neither Urena nor Dupree presented a "description of a typical drug transaction" against which the prosecutor compared a similar account by Pena, "this case simply does not present the problem"—charged by Hernandez—"of the Government impermissibly using expert testimony to bolster the credibility of its fact-witnesses by mirroring their version of events." *United States v. Tapia-Ortiz*, 23 F.3d 738, 742 (2d Cir. 1994).

Hernandez also argues that the District Court erred in permitting Pena to recount statements made to Pena by Alvarez, contending that those statements were inadmissible

3

hearsay. Pena testified that Alvarez asked him whether Pena was selling heroin to Hernandez, and that Alvarez expressed concern that Hernandez, to whom Alvarez regularly sold heroin, had not contacted him recently. Alvarez's statements were properly admitted under Rule 801(d)(2)(E) of the Federal Rules of Evidence, which provides that an out-of-court statement offered for the truth of the matter asserted is not hearsay if it is offered against an opposing party and "was made by the party's coconspirator during and in furtherance of the conspiracy." There was ample evidence to support findings that there existed a heroin conspiracy between Alvarez and Hernandez and that Alvarez's statement to Pena was in furtherance of that conspiracy. *See United States v. Diaz*, 176 F.3d 52, 87 (2d Cir. 1999) (finding statements to be in furtherance of a conspiracy when they "served . . . to facilitate and protect . . . drug dealing activities"); *see also United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1199 (2d Cir. 1989) (noting that "there is no requirement that the person to whom the statement is made also be a member" of the conspiracy). To the extent that Hernandez also challenges the admission of statements by Alvarez to Pena about a potential cocaine transaction between Pena and Alvarez, any error in admitting those statements was harmless: The statements did not relate to Hernandez and were unimportant for establishing Hernandez's guilt of the charged heroin offense. Indeed, the court specifically instructed the jury that the testimony was not evidence of the crime charged.

* * *

We have considered Hernandez's remaining arguments and find them to be without merit. We **AFFIRM** the judgment of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court


4